UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOSEPH JOHN TURCHIN, | ) | |
| | ) | Case No. 3:22-cv-258 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| JASON CLENDENION, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Petitioner, a state prisoner, filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254 (Doc. 1) from his Monroe County, Tennessee criminal convictions arising out of his sexual exploitation and unlawful photography of a minor ("the victim"). *See State v. Turchin*, No. E2020-00491, 2021 WL 5834386, at *1 (Tenn. Crim. App. Dec. 9, 2021), *perm. app. denied* (Tenn. Mar. 23, 2022) (hereinafter *Turchin*). Now before the Court is Respondent's motion to dismiss the petition (Doc. 10), in support of which he filed a memorandum (Doc. 11) and the state-court record (Doc. 8). Petitioner filed a response in opposition to this motion (Doc. 12), as well as a memorandum in support of his response (Doc. 13). For the reasons set forth below, Respondent's motion to dismiss the petition (Doc. 10) will be **GRANTED**, and this action will be **DISMISSED**.

I. **BACKGROUND**

Petitioner's relationship with the victim and the victim's grandmother arose after Petitioner volunteered to help transport the victim, who lived with his grandmother, to and from baseball activities. (Doc. 8-3, at 12–13.) Petitioner subsequently rented a house from the

victim's grandmother that was very close to the victim's grandmother's house, during which time Petitioner spent time with the victim and the victim's family, including eating dinner with the victim's family "[a]lmost every night." (*Id.* at 13–19.) According to the victim's grandmother, Petitioner and the victim "develop[ed] a bond that was kind of like father and son," and the victim told his grandmother that he thought of Petitioner as his dad. (*Id.* at 19.)

While Petitioner was renting the house from the victim's grandmother, police officers conducted a search of that residence with Petitioner's consent. (Doc. 8-5, at 4.); *Turchin*, at *1. In that search, Detective Fillylaw recovered multiple cell phones and printed photographs [Doc. 8-3, at 75–76.); *Turchin*, at *1. After the search, Detective Fillylaw told Petitioner he was going to obtain a search warrant to obtain evidence from the phones. *Turchin*, at *1. The search of Petitioner's phones pursuant to that search warrant revealed "provocative" photographs and videos of the victim, including videos of the victim masturbating and screenshots of the victim's penis. *Id.* at *2.

Based on the contents of the phones and the photographs police discovered in Petitioner's residence, a grand jury indicted Petitioner for (1) two counts of "knowingly us[ing] a minor to participate in the performance or in the production of material which includes the minor engaging in sexual activity"; (2) one count of "knowingly possess[ing] material that included a minor engaging in sexual activity"; and (3) one count of "unlawfully and knowingly photograph[ing] a minor, without the minor or his guardian's consent, in a place where the minor had an expectation of privacy and was taken for the purposes of sexual arousal or gratification." (Doc. 8-1, at 4–5.) While these charges were pending, Petitioner filed three motions to suppress evidence against him, including the evidence taken from the cell phones. (Doc. 8-1, at 21–28,

37–43,[1] 54–57.)  The first of these motions asserted that the search and seizure of evidence from Petitioner's phones violated his federal constitutional rights.  (*Id.* at 21–28.)  After a trial, a jury convicted Petitioner on all charges against him.  (Docs. 8-2, 8-3, 8-4; Doc. 8-1, at 60–63, 84–91.)  Petitioner then filed a motion for new trial in which he also raised an argument regarding suppression of the evidence against him, which the trial court denied.  (Doc. 8-1, at 92, 95.)

Petitioner next filed a direct appeal asserting that the trial court abused its discretion in denying his motion to suppress evidence obtained through a search warrant that police did not serve on him under Rule 41 of the Tennessee Rules of Criminal Procedure.  (Doc. 8-6.)  The Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's convictions, and the Tennessee Supreme Court ("TSC") denied review.  (Docs. 8-8, 8-11.)

Petitioner then filed the instant petition for § 2254 relief setting forth two claims for relief.  First, Petitioner states that "[t]he State failed to observe my 4th Amendment right to be free from illegal search and seizures upon my arrest as well as to provide me with both compulsory and due process; in suppressing any and all such ev[i]dence confiscated at the scene of the crime.  Neither did Det. Fillylaw provide me with a copy of the warrant prior to the search." (Doc. 1, at 5 (citations omitted).)  Petitioner also states that "the decision(s) of the lower court(s) were based upon an unreasonable determination of the facts in light of the evidence" before claiming that "[t]he records will not support Det. Fillylaw's testimony during the course of the trial, as being the State's case []in-chief in authorizing the confiscation of evidence creating this federal violation." (*Id.* at 7.)

---

[1] Petitioner withdrew his second motion to suppress evidence against him due to his lack of standing for the argument therein. (Doc. 8-1, at 45.)

Respondent has filed a motion to dismiss the petition (Doc. 10) and a memorandum in support (Doc. 11). In his memorandum, Respondent asserts that the petition and the record demonstrate that Petitioner's habeas corpus claims are not cognizable in this action and that Petitioner procedurally defaulted any federal claim he seeks to raise in his petition. (*Id.* at 1, 3–9.) Respondent further asserts that even if Petitioner's claims were cognizable herein, Petitioner cannot show prejudice from any failure to provide him with a copy of the search warrant and, therefore, is not entitled to relief. (*Id.* at 9–10.)

Petitioner filed a response in opposition to the motion to dismiss (Doc. 12) and a memorandum (Doc. 13). In his response, Petitioner first seeks to strike Respondent's motion. (Doc. 12, at 1.) Petitioner also requests a hearing and appointment of counsel and asserts that state courts have not addressed the merits of his factual allegations "for 'want of a corrective process'" while also asserting that he has exhausted all issues he asks the Court to consider. (*Id.* at 2.) Petitioner further states that he will provide the Court with evidence of his Fourth-Amendment claim. (*Id.*)

Additionally, in his memorandum, Petitioner again claims that the state courts did not provide an "adequate 'corrective process'" for his Fourth-Amendment claim. (Doc. 13, at 1.) Petitioner then states that the state-court record speaks for itself, and that he accepts that record where it is "'not crucial' to [his] claims of innocence"[2] and does not prejudice his right to disposition of his "STONE/ABERNATHY disposition of his matter." (*Id.* at 2.) Petitioner

---

[2] While Petitioner generally references a claim of innocence in this filing, he did not bring any such claim. (Doc. 1.) Moreover, such a claim is not cognizable in this action. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) (holding that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding").

further states that he exhausted his constitutional claim with the TCCA, citing his pro se application for permission to appeal the TCCA's denial of his direct appeal to the TSC. (*Id.* at 2–3; Doc. 1-1, at 13–21.) Petitioner then claims that he will establish that the seizure of evidence from him violated both Tennessee Rule of Criminal Procedure 41 and the Fourth Amendment before setting forth various arguments related to excusing any procedural default of his Fourth[3] Amendment claim. (Doc. 13, at 3–7.)

II. ANALYSIS

The Court liberally construes the petition to allege that Petitioner is entitled to relief because the State failed to comply with Rule 41 and the Fourth Amendment in searching and seizing evidence from Petitioner. However, for the reasons set forth below, neither of these claims is cognizable in this action. And even if Petitioner's Fourth Amendment claim were cognizable in this action, he would not be entitled to relief. Accordingly, the Court will grant Respondent's motion to dismiss without reaching the issue of procedural default.

A. Rule 41

First, Respondent correctly asserts that Petitioner's claim that the state courts erroneously admitted evidence from his phones even though Detective Fillylaw did not provide Petitioner with a copy of the search warrant for that evidence in violation of Rule 41 of the Tennessee Rules of Criminal Procedure is not cognizable in this action. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Sinistaj v. Burt*, 66 F.3d 804, 807 (6th Cir. 1995)

---

[3] Petitioner refers to the Fourteenth Amendment in this portion of his memorandum in opposition to Respondent's motion to dismiss. (Doc. 13, at 6–7.) But Petitioner has only brought a claim for habeas corpus relief based on the Fourth Amendment. (Doc. 1, at 5.)

(citing *Estelle*, 502 U.S. at 67) ("Errors of state law alone cannot form the basis of relief under federal habeas corpus."). Accordingly, the Court will not address this claim on the merits.

**B. Fourth Amendment**

  **a. Cognizability**

Respondent also correctly contends that Petitioner's claim that the seizure of evidence from him violated his Fourth-Amendment rights is not cognizable in this action because the state courts provided Petitioner with the opportunity to litigate this claim. A habeas petitioner may not seek relief for a claim of illegal seizure or arrest if he had a full and fair opportunity to raise the claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976). The Sixth Circuit has set forth two distinct inquiries a court must perform in deciding whether a petitioner may raise such a claim in a habeas-corpus action. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted). First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a [F]ourth [A]mendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id.* (citations omitted). This inquiry focuses on whether there is "an available avenue for the prisoner to present his claim to the state courts, not . . . the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013).

While Petitioner generally asserts that the State did not provide him with an adequate corrective process to assert his federal claim regarding the searches and seizures of evidence from him, as set forth above, the record establishes that Petitioner availed himself of the corrective processes available to him for such claims in the trial court through at least one of his motions to suppress. (Doc. 8-1, at 21–28 (asserting that the search and seizure of evidence from

Petitioner's did not pursue any such federal claim in his direct appeal of his convictions to the TCCA); Doc. 8-6.) While Petitioner generally states in his response in opposition to Respondent's motion to dismiss that his failure to pursue such a claim with the TCCA "is attributed to his counsel's representation," Petitioner provides no facts from which the Court could find that a state-procedural mechanism frustrated his ability to assert this claim in his direct appeal to the TCCA. (Doc. 13, at 7.)

As such, Petitioner's federal claim also is not cognizable herein.

### b. Merits

Additionally, and in the alternative, even if Petitioner's Fourth-Amendment claim were cognizable in this action, it has no merit. Generally, the Fourth Amendment prohibits the warrantless search of a person's home. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). But it is well-established that consent is an exception to the warrant requirement. *Peterson v. Smith*, 510 F. App'x 356, 364–65 (6th Cir. 2013). Thus, to the extent that Petitioner challenges the initial search of his residence as a violation of his Fourth Amendment rights in his habeas corpus petition, the record establishes that Petitioner consented to this search. (*See*, *e.g.*, Doc. 8-5, at 4; Doc. 8-3, at 23–30, 33–35, 69.) Accordingly, it is apparent that this search fell within the consent exception to the warrant requirement.

While Petitioner seems to argue in his response in opposition to Respondent's motion to dismiss that his consent to an unspecified search exceeded his consent and/or that he consented to a search under duress or due to coercion, it does not appear that this argument applies to the consent search of Petitioner's residence, as he references Rule 41 in this argument. (Doc. 13, at 4–5.) But to the extent that Petitioner argues that the search of his residence exceeded his consent, Petitioner points to no evidence in the record to support this argument, and the record

establishes that he consented to "a complete search" of his residence. (Doc. 8-5, at 4.) Additionally, the undisputed evidence in the record regarding Petitioner consenting to the search of his residence indicates that the interaction in which Petitioner gave that consent was "casual" and "relaxed[,]" and Petitioner points to no evidence of any duress or coercion during that interaction. (Doc. 8-3, at 26–30.) As such, these arguments have no merit.

Petitioner also asserts in his petition that Detective Fillylaw did not provide him with a copy of the search warrant for the evidence on his phones. However, as Respondent points out, the Sixth Circuit has specifically held that "the Fourth Amendment does not necessarily require that government agents serve a warrant . . . prior to initiating a search or seizing property," and that a failure to comply with a procedural rule requiring that officers provide a property owner with a copy of the warrant "do[es] not void an otherwise valid search" without "a showing of prejudice." *Frisby v. United States*, 79 F.3d 29, 32 (6th Cir. 1996). Petitioner points to no evidence in the record that Detective Fillylaw did not provide him with a copy of the search warrant for the search and seizure of evidence from his phones. But even accepting this unsupported assertion as true, the undisputed evidence in the record establishes that Detective Fillylaw told Petitioner he was going to obtain the relevant search warrant prior to doing so. (Doc. 8-2, at 9, 12.) To the extent that Petitioner challenges Detective Fillylaw's credibility on this issue, the trial court accredited Detective Fillylaw's testimony and found that Petitioner had knowledge of the search of his phones before and after it occurred. (Doc. 8-2, at 18–21.) The Court will not second-guess that credibility determination. *See Miller-El v. Cockrell*, 537 U.S. 322, 339 (2003) (noting that the reviewing court "is not as well positioned as the trial court is to make credibility determinations"). Moreover, Petitioner has not asserted that he suffered any

8

prejudice from Detective Fillylaw's alleged failure to provide him with a copy of the search warrant.

Accordingly, Petitioner also is not entitled to relief under § 2254 for his Fourth Amendment claim.

### III.  CERTIFICATE OF APPEALABILITY

For the reasons set forth above, the Court will grant Respondent's motion to dismiss the petition (Doc. 10) and dismiss this action.  The Court therefore now must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal.  A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c).  Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001).  As reasonable jurists would not debate the Court's ruling that Petitioner's claims for relief are not cognizable herein, and Petitioner has not made a substantial showing of the denial of his Fourth Amendment rights, a COA will not issue.

### IV.  CONCLUSION

For the reasons set forth above:

1. Respondent's motion to dismiss the petition (Doc. 10) will be **GRANTED**;

2. A COA will not issue;

3. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith.  28 U.S.C. § 1915(a)(3); and

4. This action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**